UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 7 |
| Frozen Wheels, LLC and<br>B"H Frozen Wheels, LLC, | Case No. 22-18638-LMI<br>(Substantively Consolidated) |
| Debtor._____/ | |
| Maria M. Yip, Trustee, | |
| Plaintiff, | Adv. Proc. No.: _____ |
| v. | |
| Juan Pablo Verdiquio and Juan Pablo<br>Verdiquio, as Trustee of the Juan Pablo<br>Verdiquio Irrevocable Trust, | |
| Defendants._____/ | |

## COMPLAINT

Maria M. Yip, Trustee ("Plaintiff" or "Trustee"), sues Juan Pablo Verdiquio and Juan Pablo Verdiquio, as Trustee of the Juan Pablo Verdiquio Irrevocable Trust (collectively, "Defendants"), and alleges:

### Background, Jurisdiction, and Venue

1.  On November 7, 2022 (the "Petition Date"), (a) Frozen Wheels, LLC ("Frozen Wheels") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code commencing this bankruptcy case (Case No. 22-18638-LMI) and (b) B"H Frozen Wheels, LLC ("B"H Frozen Wheels") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy

1

Code commencing Case No. 22-18641-LMI. Collectively, Frozen Wheels and B"H Frozen Wheels are referred to as the "Debtor."

2. On March 22, 2023, the Court entered its *Order Granting Debtor's Motion for Substantive Consolidation* (ECF No. 85 in Case No. 22-18638-LMI), which substantively consolidated the bankruptcy estate of B"H Frozen Wheels with and into the bankruptcy estate of Frozen Wheels and directed that all future pleadings in the case shall be docketed in Case No. 22-18638-LMI.

3. On December 5, 2023, the Court entered its Order Converting Case Under Chapter 11 to Case Under Chapter 7 (ECF No. 164 in Case No. 22-18638-LMI), converting the case to Chapter 7 of the Bankruptcy Code.

4. On December 6, 2023, Maria M. Yip was appointed as the Chapter 7 Trustee. *See* ECF No. 165.

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 157 and 1334(b) and the District Court's Admin. Order 2012-25 referring proceedings to this Court.

6. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

7. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

8. All conditions precedent to filings this action have occurred.

**Debtor and Parties**

9. Frozen Wheels was formed as a Florida limited liability company in 2010.

10. B"H Frozen Wheels was formed as a Florida limited liability company on November 17, 2020.

11. According to their case management summaries, Frozen Wheels and B"H Frozen Wheels describe their business in the same way, as "a food service distributor that distributes frozen products such as fruits, vegetables and other paper and plastic products wholesale to its customers." *See* ECF No. 11 in Case No. 22-18638-LMI and ECF No. 12 in Case No. 22-18641-LMI. Following the onset of the Covid-19 pandemic in 2020, the Debtor began buying and selling masks, gowns, hand sanitizers, and other personal protective equipment.

12. The Debtor operated out of a warehouse at 16565 NW 15th Ave, Miami, FL 33169.

13. At all relevant times, Isaac Halwani ("Mr. Halwani") owned, controlled, and managed (directly or indirectly) the Debtor and the Debtor's property.

14. The Plaintiff is the Trustee of the bankruptcy estate of the Debtor in this Chapter 7 case.

15. The Defendant Juan Pablo Verdiquio is an individual residing in Miami-Dade County, Florida.

16. The Defendant Juan Pablo Verdiquio, as Trustee of the Juan Pablo Verdiquio Irrevocable Trust, is a trust organized under Florida law.

### The Debtor Made Payments to the Defendants; No Reasonably Equivalent Value In Exchange

17. From the four years before the Petition Date through the Petition Date, the Debtor made transfers to or for the benefit of the Defendants by the means, on the dates, in the amounts, and from its bank accounts, as set forth on the attached Exhibit A, in the total amount of $1,293,700.00 (the "Transfers"). As reflected in Exhibit A, of the Transfers, (a) the Debtor paid $1,263,700.00 to the Defendants and (b) the Debtor paid $30,000.00 to Auto and Truck Buyer's Corp as a payment made on behalf of and for the benefit of the Defendants. The subset of the

Transfers that occurred within the two years before the Petition Date are referred to as the "Two-Year Transfers").

18. The Debtor's books and records do not reflect that the Debtor received reasonably equivalent goods, services, satisfaction of indebtedness, or other value in exchange for the Transfers.[1]

19. The Plaintiff has no promissory note reflecting that the Debtor owed an obligation to the Defendants that was paid by the Transfers.

20. Creditors existed who each held an unsecured claim against the Debtor and could have sought avoidance of the Transfers under Florida law. Those creditors included the United States Department of Treasury - Internal Revenue Service and Phirik Investment Group, LLC.

21. During this proceeding, the Trustee may learn (through further discovery or otherwise) of additional transfers made to the Defendants within the statute of limitations period to avoid and recover transfers or of additional claims and causes of action, and reserves all rights to amend this Complaint, including to (a) add further information regarding the Transfers, (b) add additional transfers, (c) make any modification to the name of the Defendants or add additional defendants, and (v) add additional claims and causes of action. Any claim that is asserted in an amended complaint that arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in this Complaint shall relate back to the date of the filing of this Complaint.

**Count 1**
**(Avoidance and Recovery of Avoidable Transfers**
**Against the Defendants pursuant to 11 U.S.C. § 548(a)(1)(B) and 11 U.S.C. § 550(a))**

22. The allegations in paragraphs 1 through 20 are realleged as if set forth in this count.

---

[1] The bank records reflect that the Defendant Juan Pablo Verdiquio made the following two payments to the Debtor but do not show what was given in exchange for the payments: $185,000.00 on June 15, 2017 and $98,304.00 on July 18, 2017.

23. This is an action seeking to avoid transfers pursuant to 11 U.S.C. § 548(a)(1)(B) and to recover the value of the transfers pursuant to 11 U.S.C. § 550(a).

24. The Two-Year Transfers were transfers of interests of the Debtor in property.

25. The Two-Year Transfers were made to or for the benefit of the Defendants.

26. Each of the Two-Year Transfers was made for less than reasonably equivalent value.

27. At the time of each of the Two-Year Transfers, the Debtor was insolvent, or the Debtor became insolvent as a result of such Two-Year Transfers.

28. At the time of each of the Two-Year Transfers, the Debtor intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

29. At the time of each of the Two-Year Transfers, the Debtor was engaged in business or a transaction, and/or was about to engage in business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital.

**WHEREFORE**, the Plaintiff seeks the entry of a judgment against the Defendants and in favor of the Plaintiff: avoiding the Two-Year Transfers (and any other transfers made by the Debtor to the Defendants within the two years of the Petition Date) pursuant to 11 U.S.C. § 548(a)(1)(B) and awarding damages in the amount and value of Two-Year Transfers (and any other transfer made by the Debtor to the Defendants within the two years of the Petition Date) plus interest from the date of each transfer pursuant to 11 U.S.C. § 550(a).

**Count 2**
**(Avoidance and Recovery of Avoidable Transfers**
**Against the Defendants Pursuant to 11 U.S.C. § 544,**
**Fla Stat. § 726.105(1)(b) and § 726.108, and 11 U.S.C. § 550(a))**

30. The allegations in paragraphs 1 through 20 are realleged as if set forth in this count.

31. This is an action seeking to avoid transfers pursuant to 11 U.S.C. § 544(a) and/or (b) and Fla. Stat. § 726.105(1)(b) and § 726.108, and to recover the value of the transfers pursuant to 11 U.S.C. § 550(a).

32. The Transfers were transfers of interests of the Debtor in property.

33. The Transfers were made to or for the benefit of the Defendants.

34. Each of the Transfers was made for less than reasonably equivalent value in exchange.

35. Each of the Transfers was made at a time when the Debtor was engaged or was about to engage in a business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction.

36. Each of the Transfers was made at a time when the Debtor intended to incur, and/or believed or reasonably should have believed that the Debtor would incur, debt beyond the Debtor's ability to pay as they became due.

**WHEREFORE**, the Plaintiff seeks the entry of a judgment against the Defendants and in favor of the Plaintiff: avoiding the Transfers (and any other transfer made by the Debtor to the Defendants within the four years of the Petition Date) pursuant to 11 U.S.C. §544(a) and/or (b), based on Fla. Stat. § 726.105(1)(b) and § 726.108, and awarding damages in the amount and value of such transfers plus interest from the date of such transfers pursuant to 11 U.S.C. § 550(a).

**Count 3**
**(Avoidance and Recovery of Avoidable Transfers**
**Against the Defendants Pursuant to 11 U.S.C. § 544,**
**Fla Stat. § 726.106(1) and § 726.108, and 11 U.S.C. § 550(a))**

37. The allegations in paragraphs 1 through 20 are realleged as if set forth in this count.

38.     This is an action seeking to avoid transfers pursuant to 11 U.S.C. § 544(a) and/or (b) and Fla. Stat. § 726.106(1) and § 726.108, and to recover the value of the transfers pursuant to 11 U.S.C. § 550(a).

39.     The Transfers were transfers of interests of the Debtor in property.

40.     The Transfers were made to or for the benefit of the Defendants.

41.     Each of the Transfers was made for less than reasonably equivalent value in exchange.

42.     Each of the Transfers was made while the Debtor was insolvent, or the Debtor became insolvent as a result of the Transfers.

**WHEREFORE**, the Plaintiff seeks the entry of a judgment against the Defendants and in favor of the Plaintiff: avoiding the Transfers (and any other transfer made by the Debtor to the Defendants within the four years of the Petition Date) pursuant to 11 U.S.C. §544(a) and/or (b), based on Fla. Stat. § 726.106(1) and § 726.108, and awarding damages in the amount and value of such transfers plus interest from the date of such transfers pursuant to 11 U.S.C. § 550(a).

<u>**Count 4**</u>
**(Avoidance and Recovery of Avoidable Transfers
Against the Defendants pursuant to 11 U.S.C. § 548(a)(1)(A) and 11 U.S.C. § 550(a))**

43.     The allegations in paragraphs 1 through 20 are realleged as if set forth in this count.

44.     This is an action seeking to avoid transfers pursuant to 11 U.S.C. § 548(a)(1)(A) and to recover the value of the transfers pursuant to 11 U.S.C. § 550(a).

45.     The Two-Year Transfers were transfers of interests of the Debtor in property.

46.     The Two-Year Transfers were made to or for the benefit of the Defendants.

47.     The Two-Year Transfers were made by the Debtor with the actual intent to hinder, delay, or defraud the Debtor's creditors, as evidenced by the following.

48. At all relevant times, the Debtor received funds from investors and/or creditors that were supposed to be used for business purposes, but instead the Debtor used the funds for the personal benefit of insiders and third parties, including Mr. Halwani, family members and friends of Mr. Halwani, and/or the Debtor's or Mr. Halwani's affiliates (collectively, the "Third Parties") (and not for the Debtor).

49. On July 1, 2024, Mr. Halwani pleaded guilty to one count of wire fraud in *United States of America v. Isaac Halwani*, Case No. 23-20348-CR-SCOLA/GOODMAN (S.D. Fla.). In the case, Mr. Halwani admitted to unlawfully enriching himself through the use of investment money. The investment money was deposited into the Debtor's accounts and used for the personal benefit of the Third Parties.

50. The Two-Year Transfers were transfers made by the Debtor to enrich and benefit the Third Parties at the expense of the Debtor's creditors.

51. By making the Two-Year Transfers, the Debtor removed its property from the reach of the Debtor's creditors.

52. The Debtor concealed the Two-Year Transfers from its creditors.

53. The Debtor received less than reasonably equivalent value in exchange for the Two-Year Transfers.

**WHEREFORE**, the Plaintiff seeks the entry of a judgment against the Defendants and in favor of the Plaintiff: avoiding the Two-Year Transfers (and any other transfers made by the Debtor to the Defendants within the two years of the Petition Date) pursuant to 11 U.S.C. § 548(a)(1)(A) and awarding damages in the amount and value of Two-Year Transfers (and any other transfer made by the Debtor to the Defendants within the two years of the Petition Date) plus interest from the date of each transfer pursuant to 11 U.S.C. § 550(a).

**Count 5**
**(Avoidance and Recovery of Avoidable Transfers**
**Against the Defendants Pursuant to 11 U.S.C. § 544,**
**Fla Stat. § 726.105(1)(a) and § 726.108, and 11 U.S.C. § 550(a))**

54. The allegations in paragraphs 1 through 20 are realleged as if set forth in this count.

55. This is an action seeking to avoid transfers pursuant to 11 U.S.C. § 544(a) and/or (b) and Fla. Stat. § 726.105(1)(a) and § 726.108, and to recover the value of the transfers pursuant to 11 U.S.C. § 550(a).

56. The Transfers were transfers of interests of the Debtor in property.

57. The Transfers were made to and for the benefit of the Defendants.

58. The Transfers were made by the Debtor with the actual intent to hinder, delay, or defraud the Debtor's creditors, as evidenced by the following.

59. At all relevant times, the Debtor received funds from investors and/or creditors that were supposed to be used for business purposes, but instead the Debtor used the funds for the personal benefit of insiders and third parties, including Mr. Halwani, family members and friends of Mr. Halwani, and/or the Debtor's or Mr. Halwani's affiliates (collectively, the "Third Parties") (and not for the Debtor).

60. On July 1, 2024, Mr. Halwani pleaded guilty to one count of wire fraud in *United States of America v. Isaac Halwani*, Case No. 23-20348-CR-SCOLA/GOODMAN (S.D. Fla.). In the case, Mr. Halwani admitted to unlawfully enriching himself through the use of investment money. The investment money was deposited into the Debtor's accounts and used for the personal benefit of the Third Parties.

61. The Transfers were transfers made by the Debtor to enrich and benefit the Third Parties at the expense of the Debtor's creditors.

62. By making the Transfers, the Debtor removed its property from the reach of the Debtor's creditors.

63. The Debtor concealed the Transfers from its creditors.

64. The Debtor received less than reasonably equivalent value in exchange for the Transfers.

**WHEREFORE**, the Plaintiff seeks the entry of a judgment against the Defendants and in favor of the Plaintiff: avoiding the Transfers (and any other transfer made by the Debtor to the Defendants within the four years of the Petition Date) pursuant to 11 U.S.C. §544(a) and/or (b), based on Fla. Stat. § 726.105(1)(a) and § 726.108, and awarding damages in the amount and value of such transfers plus interest from the date of such transfers pursuant to 11 U.S.C. § 550(a).

Dated: December 5, 2024

**LESSNE LAW**
*Counsel for Trustee*
100 SE 3rd Avenue, 10th Floor
Fort Lauderdale, Florida 33394
Tel: 954-372-5759
By: */s/ Michael D. Lessne*
Michael D. Lessne
Florida Bar No. 73881
michael@lessne.law


**HOFFMAN, LARIN & AGNETTI, P.A.**
*Special Litigation Counsel for Trustee*
909 North Miami Beach Boulevard,
Suite 201
Miami, Florida 33162
Telephone: (305) 653-5555
Facsimile: (305) 940-0090
Email: mshoffman@hlalaw.com

By: */s/ Michael S. Hoffman*
Michael S. Hoffman, Esq.
Florida Bar No.: 41164

| | | | | | | |
|---|---|---|---|---|---|---|
| *In re:* Frozen Wheels, LLC and B"H Frozen Wheels, LLC |||||||
| Case No.: 22-18638-LMI (Substantively Consolidated) |||||||
| **EXHIBIT A** |||||||
| Schedule of Payments Made to Juan Pablo Verdiquio |||||||
| From Accounts Held in the Name of Frozen Wheels LLC |||||||
| During the Period November 7, 2018 through November 7, 2022 |||||||
| *(Sorted Chronologically)* |||||||
| **Institution** | **Account Name** | **Account No. (Last 4 Digits)** | **Date** | **Transaction Type** | **Ref / Check No.** | **(Payee)** | **Frozen Wheels LLC Funds Disbursed** |
| First Horizon Bank (formerly IBERIABANK) | Frozen Wheels LLC | x5514 | 11/25/19 | Wire Out | | Juan Pablo Verdiquio | $ (300,000.00) |
| First Horizon Bank (formerly IBERIABANK) | Frozen Wheels LLC | x5514 | 12/18/19 | Wire Out | | Juan Pablo Verdiquio | (100,000.00) |
| First Horizon Bank (formerly IBERIABANK) | Frozen Wheels LLC | x5514 | 01/09/20 | Wire Out | | Juan Pablo Verdiquio | (100,000.00) |
| First Horizon Bank (formerly IBERIABANK) | Frozen Wheels LLC | x5514 | 02/24/20 | Check Paid | 832 | Juan Pablo Verdiquio | (200,000.00) |
| BANK OF AMERICA NA | Frozen Wheels LLC DBA B"H Frozen Wheels | x2794 | 03/06/20 | Wire Out | 548188 | Juan Pablo Verdiquio | (280,000.00) |
| WELLS FARGO BANK NA | Frozen Wheels LLC | x1755 | 06/22/20 | Domestic Wire Out | 8549 | Juan Pablo Verdiquio | (100,000.00) |
| WELLS FARGO BANK NA | Frozen Wheels LLC | x1755 | 07/30/20 | Domestic Wire Out | 3594 | Juan Pablo Verdiquio | (172,000.00) |
| WELLS FARGO BANK NA | Frozen Wheels LLC | x1755 | 08/07/20 | Check Paid | 1455 | Juan Pablo Verdiquio | (5,700.00) |
| First National Bank of Coastal Community | Frozen Wheels, LLC | x2388 | 09/10/20 | Check Paid | 6004 | Juan Pablo Verdiquio | (6,000.00) |
| | | | | | | **Total** | **$ (1,263,700.00)** |