UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

Frozen Wheels, LLC and
B"H Frozen Wheels, LLC,

       Debtor,
_____/

Maria M. Yip, Trustee,

       Plaintiff,
v.

Juan Pablo Verdiquio and Juan Pablo Verdiquio,
as Trustee of the Juan Pablo Verdiquio
Irrevocable Trust,

       Defendant.
_____/

Case No. 22-18638-LMI

Chapter 7
(Substantively Consolidated)

Adv. Proc. No. 24-01481-LMI

## NOTICE OF FILING

Plaintiff, Maria M. Yip, Trustee, files attached *Trustee's Motion to Approve Settlement Agreement with Juan Pablo Verdiquio and Juan Pablo Verdiquio, as Trustee of the Juan Pablo Verdiquio Irrevocable Trust* (ECF No. 527 in the main case).

Dated: October 2, 2025

**LESSNE HOFFMAN, PLLC**
*Counsel for Plaintiff*
100 S.E. 3rd Avenue, 10th Floor
Ft. Lauderdale, FL 33394
Phone: (954) 372-5759
Email: mlessne@lessnehoffman.law

By: */s/ Michael D. Lessne*
     Michael D. Lessne
     Florida Bar No. 73881

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                                                    Chapter 7

Frozen Wheels, LLC,                                           Case No. 22-18638-LMI
B"H Frozen Wheels, LLC,                                   (Substantively Consolidated)

        Debtor.
_____/

**TRUSTEE'S MOTION TO APPROVE SETTLEMENT AGREEMENT
WITH JUAN PABLO VERDIQUIO AND JUAN PABLO VERDIQUIO,
AS TRUSTEE OF THE JUAN PABLO VERDIQUIO IRREVOCABLE TRUST**

> **Any interested party who fails to file and serve a written response to this motion within 21 days after the date of service stated in this motion shall, pursuant to local rule 9013-1(D), be deemed to have consented to the entry of an order in the form attached to this motion. Any scheduled hearing may then be canceled.**

Maria M. Yip, Chapter 7 Trustee (the "**Trustee**"), pursuant to Bankruptcy Rule 9019 and Local Rule 9013-1(D)(3)(b), files this *Motion to Approve Settlement Agreement with Juan Pablo Verdiquio and Juan Pablo Verdiquio, as Trustee of the Juan Pablo Verdiquio Irrevocable Trust* (the "**Motion**"), and states:

1.    On November 7, 2022, (a) Frozen Wheels, LLC ("**Frozen Wheels**") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code commencing this bankruptcy case (Case No. 22-18638-LMI) and (b) B"H Frozen Wheels, LLC ("**BH Frozen Wheels**" and together with Frozen Wheels, the "**Debtor**") filed its own voluntary petition for relief under Chapter 11 of the Bankruptcy Code commencing Case No. 22-18641-LMI.

2.    On March 22, 2023, the Court entered its *Order Granting Debtor's Motion for Substantive Consolidation* (ECF No. 85), substantively consolidating the bankruptcy estate of B"H

Frozen Wheels, LLC with and into the bankruptcy estate of Frozen Wheels, LLC, and directing that all future pleadings in the case shall be docketed in Case No. 22-18638-LMI.

3. On December 5, 2023, the Court entered its *Order Converting Case Under Chapter 11 to Case Under Chapter 7* (ECF No. 164), and Maria M. Yip was appointed as the Trustee (see ECF No. 165[1]).

4. On December 5, 2024, the Trustee filed a *Complaint* and a *First Amended Complaint* against Juan Pablo Verdiquio and Juan Pablo Verdiquio, as Trustee of the Juan Pablo Verdiquio Irrevocable Trust (the "**Adversary Defendants**") commencing Adv. Proc. No. 24-01481-LMI (the "**Adversary Proceeding**") asserting claims to avoid and recover transfers made by the Debtor to or for the benefit of the Adversary Defendants.

5. On January 27, 2025, the Adversary Defendants filed an Answer and Affirmative Defenses.

6. The Trustee and the Adversary Defendants have negotiated in good faith and reached an agreement at mediation presided over by Jerry M. Markowitz serving as the mediator to resolve the Trustee's claims, as set forth in the Settlement Agreement executed on June 9, 2025 (the "**Settlement Agreement**"), a true and correct copy of which is attached as **Exhibit A**.

7. On June 9, 2025, the mediator filed his Report of Mediator (ECF No. 12 in the Adversary Proceeding), which has abated the Adversary Proceeding through the date that the Court enters a final order on this motion, pursuant to the *Order Granting Expedited Motion to Set Uniform Procedures for Adversary Procedures* (ECF No. 413). In accordance with these

---

[1] The Order was also docketed in Case No. 22-18641-LMI at ECF No. 55.

2

procedures, the Trustee has been permitted to seek Court approval of settlements at such time as she deems is in the best interests of the estate.

## Material Terms of the Settlement Agreement

8. The material terms of the Settlement Agreement are as follows:[2]

    a. Adversary Defendants will pay the Trustee the sum of $200,000.00 (the "**Settlement Amount**") as follows: $10,000.00 per month for 20 consecutive months due on the 7th day of each month, with the first payment due on Monday, July 7, 2025.

    b. In the event that the Adversary Defendants fail to make any scheduled payment of the Settlement Amount, then after a seven-day cure period, the Trustee may file an Affidavit of Non-Payment and be entitled to obtain a final judgment against the Adversary Defendants without the need for a hearing in the amount of $500,000.00 plus attorneys' fees and costs less any payments made by the Adversary Defendants under the Settlement Agreement.

    c. Effective upon the date that an Order approving the Settlement Agreement is final and nonappealable (the "**Approval Date**"), the Trustee releases the Adversary Defendants from all claims and causes of action arising out of the transactions which are the subject matter of the Adversary Proceeding, excluding the Adversary Defendants' obligations under the Settlement Agreement and the Trustee's rights to enforce the terms of the Settlement Agreement.

    d. Effective on the Approval Date, the Adversary Defendants release and waive the Trustee, the Debtor, and the bankruptcy estate from all claims and cause of

---

[2] To the extent of any conflict between the terms set forth in this motion and the Settlement Agreement, the Settlement Agreement controls.

3

action, including any claims arising under 11 U.S.C. § 502(h) but excluding the Trustee's obligations under the Settlement Agreement and the Adversary Defendants' right to enforce the terms of the Settlement Agreement.

    e.    Within seven days after the Approval Date, the parties will seek to dismiss the Adversary Proceeding with prejudice, with the Court retaining jurisdiction to interpret and enforce the Settlement Agreement, including, if triggered, to enter the final judgment.

    f.    The Settlement Agreement is subject to approval of the Court.

## Approval of Settlement

9.    "It is generally recognized that the law favors compromise of disputes over litigation for litigation sake." *In re Bicoastal Corp.*, 164 B.R. 1009, 1016 (Bankr. M.D. Fla. 1993). Rule 9019(a) grants the bankruptcy court the power to approve settlements. *GMGRSST, Ltd. v. Menotte (In re Air Safety Int'l, L.C.)*, 336 B.R. 843, 852 (S.D. Fla. 2005).

10.    "[A]pproval of a settlement in a bankruptcy proceeding is within the sound discretion of the court…." *In re Arrow Air, Inc.*, 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988) (*citing Rivercity v. Herpel (In re Jackson Brewing Co.)*, 624 F. 2d 599, 602-03 (5th Cir. 1980), *Anaconda-Ericsson, Inc. v Hessen (In re Teltronics Services Inc.)*, 762 F.2d 185, 189 (2d Cir. 1985), and *In re Prudence Co.*, 98 F.2d 559 (2d Cir. 1938), *cert. denied sub nom. Stein v. McGrath*, 306 U.S. 636 (1939)); *see also Romagosa v. Thomas*, 236 Fed. Appx. 498, 504 (11th Cir. 2007) (setting forth Justice Oaks Factors and affirming bankruptcy court's approval of settlement agreement).

11.    In assessing whether a proposed settlement should be approved pursuant to Bankruptcy Rule 9019, the court should consider (a) the probability of success in litigation, (b) the difficulties, if any, to be encountered in the matter of collection, (c) the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it, and (d) the paramount

interest of the creditors and a proper deference to their reasonable views in the premises. *In re Justice Oaks II, Ltd.,* 898 F. 2d 1544, 1549 (11th Cir. 1990), *cert. denied*, 498 U.S. 959 (1990).

12. In analyzing the proposed agreement, the applicable test is whether the proposed settlement "falls below the lowest point in the range of reasonableness." *Anaconda Ericsson, Inc. v. Hessen (In re Teltronics Services Inc.)*, 762 F.2d 185, 189 (2d Cir. 1985); *Newman v. Stein,* 464 F. 2d 689, 693 (2d Cir.), *cert. denied*, 409 U.S. 1039 (1972); *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2nd Cir.), *cert. denied*, 464 U.S. 822 (1983).

13. The Trustee presents the following in support of this motion for the Court's consideration in evaluating the Settlement Agreement:

    a. <u>Probability of Success</u>: The Trustee's investigation uncovered claims to avoid and recover fraudulent transfers made to or for the benefit of the Adversary Defendants. The Trustee's counsel believes that the likelihood of success to avoid and recover the transfers is high, but the litigation risk, expense, and duration weigh in favor of settlement.

    b. <u>Difficulties of Collection</u>: The Trustee anticipates that she may encounter difficulty (certainly increased expense) in the event she had to pursue collection of a judgment.

    c. <u>Complexity and Likely Duration and Expenses</u>: This dispute involves a straightforward suit to avoid and recover fraudulent transfers. This settlement was achieved early in the ligation of the Adversary Proceeding. If the settlement is not approved, then the Trustee anticipates that litigation would take many months and be costly to the estate, considering the expenses of the gathering of evidence, the taking of testimony, and the preparation for summary judgment or, if necessary, for trial. In addition, litigation risk

is always a factor.

        d.      <u>Paramount Interest of Creditors and Deference to Their Views:</u> This settlement, if paid, will provide the estate with a meaningful recovery. The settlement eliminates the uncertainty, delay, and expense of litigation. The Trustee believes that this settlement is fair and reasonable and in the best interest of the estate.

**WHEREFORE**, the Trustee requests that the Court grant this Motion, enter an Order (in the form attached as **Exhibit B**) approving the Settlement Agreement, and for such other relief as is just and proper.

Dated: September 23, 2025

**LESSNE HOFFMAN, PLLC**
*Counsel for Trustee*
100 SE 3rd Avenue, 10th Floor
Fort Lauderdale, FL 33394
Tel: 954-372-5759
Email: mlessne@lessnehoffman.law

By: */s/ Michael D. Lessne*
     Michael D. Lessne
     Florida Bar No.: 73881

## CERTIFICATE OF SERVICE

I CERTIFY that a true and correct copy of the foregoing Motion has been filed with the Court and furnished via transmission of Notices of Electronic Filing on all counsel of record or pro se parties identified on the CM/ECF service list maintained by the Court in this case on this 23rd day of September 2025. The undersigned counsel will file a separate certificate of service to reflect service on all required creditors and parties in interest, as permitted by the Order Granting Trustee's Motion to Set Notice Procedures (ECF No. 474).

By: */s/ Michael D. Lessne*
     Michael D. Lessne

EXHIBIT "A"

# SETTLEMENT AGREEMENT

This Settlement Agreement (the "**Agreement**"), by and between Maria M. Yip, in her capacity as the Chapter 7 Trustee (the "**Trustee**") for the substantively consolidated bankruptcy estate of Frozen Wheels, LLC ("**Frozen Wheels**") and B"H Frozen Wheels, LLC ("**B"H Frozen Wheels**" and collectively with Frozen Wheels, the "**Debtor**"), and Juan Pablo Verdiquio, individually, and Juan Pablo Verdiquio, as Trustee of the Juan Pablo Verdiquio Irrevocable Trust (collectively, the "**Verdiquio Defendants**") is made as of the last signature date set forth below (the "**Agreement Date**"). Collectively, the Trustee and the Verdiquio Defendants are referred to as the "**Parties**."

## RECITALS

**WHEREAS**, on November 7, 2022, (a) Frozen Wheels filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code commencing this bankruptcy case (Case No. 22-18638-LMI (the "**Lead Case**") in the United States Bankruptcy Court, Southern District of Florida (the "**Court**")) and (b) B"H Frozen Wheels filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code commencing Case No. 22-18641-LMI (collectively with the Lead Case, the "**Bankruptcy Cases**").

**WHEREAS**, on March 22, 2023, the Court entered its *Order Granting Debtor's Motion for Substantive Consolidation* (ECF No. 85 in the Lead Case), substantively consolidating the bankruptcy estate of B"H Frozen Wheels with and into the bankruptcy estate of Frozen Wheels, and directing that all future pleadings in the case be docketed in the Lead Case.

**WHEREAS**, on December 5, 2024, the Trustee filed a *Complaint* and a *First Amended Complaint* against the Verdiquio Defendants commencing Adv. Proc. No. 24-01481-LMI in the Court (the "**Adversary Proceeding**") asserting claims against the Verdiquio Defendants to avoid and recover transfers made by the Debtor to or for the benefit of the Verdiquio Defendants.

**WHEREAS**, on January 27, 2025, the Verdiquio Defendants filed their *Adversary Defendants' Answer and Affirmative Defenses to Trustee's First Amended Complaint*. Verdiquio denies that they have any liability to the Trustee.

**WHEREAS**, the Parties have negotiated in good faith and reached an agreement to resolve all disputes by and between them.

**NOW**, **THEREFORE**, in consideration of the mutual covenants and agreements set forth in this Agreement and with the intent to be legally bound, and for good and valuable consideration, receipt of which is hereby acknowledged, the Parties agree as follows:

## AGREEMENT

1. **Recitals**. The above recitals are true and correct and are incorporated into this Agreement by reference.

2. **Attorney Representation**. The Parties acknowledge that they have had ample opportunity to consult with competent legal counsel of their choice regarding this Agreement,

have not relied on any representations or statement of any other Party or counsel with respect to the subject matter of this Agreement. This Agreement is entered into voluntarily by each of the Parties.

3. **Court Approval**. This Agreement is subject to the approval of the Court. At a time determined by the Trustee her in sole discretion, the Trustee will file with the Court a motion (the "**Settlement Motion**") requesting approval of this Agreement pursuant to Fed. R. Bankr. P. 9019. An Order granting the Settlement Motion is referred to as the "**Approval Order**," and the date that the Approval Order becomes final and nonappealable is referred to as the "**Approval Date**."

4. **Payment**. The Verdiquio Defendants will pay the Trustee the total sum of **Two Hundred Thousand Dollars and No Cents ($200,000.00)** (the "**Settlement Amount**") as follows: $10,000.00 per month for 20 consecutive months due on the 7th day of each month, with the first payment due on Monday, July 7, 2025 (each a "**scheduled payment**"). Each scheduled payment of the Settlement Amount will be paid via wire to Maria M. Yip, Trustee. The Trustee will send wire instructions and a W-9 to the Verdiquio Defendants. Prior to the Approval Date, the Verdiquio Defendants may pay each scheduled payment to the trust account of their attorneys, and within 3 days after the Approval Date, the Verdiquio Defendants' counsel must remit the scheduled payments that it received to the Trustee. Following the Approval Date, the Verdiquio Defendants must make all remaining scheduled payments directly to the Trustee. The date that the full Settlement Amount has been received by the Trustee and clear the Trustee's bank account is referred to as the "**Full Payment Date**."

5. **Default**. In the event the Verdiquio Defendants fail to make any scheduled payment of the Settlement Amount, the Trustee shall provide the Verdiquio Defendants with written notice of non-payment via email to their attorneys Jon Polenberg at jpolenberg@beckerlawyers.com and Yasin Daneshfar at ydaneshfar@beckerlawyers.com. The Verdiquio Defendants shall have seven calendar days from the date of such notice to cure the default by making the missed payment. If the Verdiquio Defendants fail to cure the default within the seven-day period, the Trustee may file an Affidavit of Non-Payment in the Adversary Proceeding and thereupon shall be entitled to obtain a final judgment against the Verdiquio Defendants without the need for a hearing in the amount of $500,000.00 plus attorneys' fees and costs less any payments made by the Verdiquio Defendants under this Agreement (the "**Final Judgment**"). In the event of default, the Verdiquio Defendants waive all defenses to entry of the Final Judgment other than payment of the remaining outstanding balance of the Settlement Amount.

6. **Release by Trustee**. Effective on the Approval Date, the Trustee releases, waives, and forever discharges the Verdiquio Defendants, including any and all of the Verdiquio Defendants' directors, officers, trustees, employees, agents, parent entities, subsidiaries, affiliates, assigns, attorneys, and any other persons, firms, organizations, associations, partnerships, joint ventures, corporations or entities who were, are or may hereafter be affiliated or in privity with any of the aforesaid, from all action and actions, cause and causes of action, claims, suits, debts, dues, sums of money, accounts, reckonings, bills, specialties, covenants, contracts, controversies, liabilities, agreements, promises, rescissions, damages, judgments, executions, claims and demands whatsoever, at law or in equity, whether known or unknown, intentional or unintentional, which the Trustee, the Debtor, and the Debtor's bankruptcy estate ever had, now have, and may have against

the Verdiquio Defendants arising out of the transactions which are the subject matter of the Adversary Proceeding, **but expressly excluding** all of the Verdiquio Defendants' obligations under this Agreement (specifically including without limitation the obligations of the Verdiquio Defendants to make timely payment to the Trustee of each scheduled payment and the Settlement Amount) and the Trustee's rights to enforce the terms of this Agreement (including without limitation the right to obtain entry of the Final Judgment in the event of default).

7. **Dismissal of Adversary Proceeding with Prejudice**. Within seven days after the the Approval Date, the Parties will seek to dismiss the Adversary Proceeding with prejudice with the Bankruptcy Court retaining jurisdiction to interpret and enforce this Agreement, including the entry of the Final Judgment.

8. **Release by the Verdiquio Defendants (Including Waiver of Claims)**. Effective on the Approval Date, the Verdiquio Defendants release, waive, and forever discharge (a) the Trustee, (b) the Debtor, and (c) the Debtor's bankruptcy estate from all action and actions, cause and causes of action, administrative expenses, claims, suits, debts, dues, sums of money, accounts, reckonings, bills, specialties, covenants, contracts, controversies, liabilities, agreements, promises, rescissions, damages, judgments, executions, claims and demands whatsoever, at law or in equity, whether known or unknown, intentional or unintentional, which the Verdiquio Defendants ever had, now have, and may have, against the Trustee, the Debtor, and the Debtor's bankruptcy estate for, upon or by reason or any matter, cause or thing whatsoever, from the beginning of the world to the Approval Date **expressly including** any and all claims of the Verdiquio Defendants against the estate, any administrative claims, and any claims arising under 11 U.S.C. § 502(h), **but expressly excluding** the Trustee's obligations under this Agreement and the Verdiquio Defendants' right to enforce the terms of this Agreement. For the avoidance of doubt: (a) the Verdiquio Defendants release and waive (i) any and all prepetition claims in the Bankruptcy Cases, (ii) any and all claims under 11 U.S.C. § 502(h) for the Settlement Amount, (iii) any and all administrative expense claims, and (iv) any and all other right to payment in the Bankruptcy Cases; (b) the Verdiquio Defendants do **not** release the Trustee from the Trustee's obligations under this Agreement; (c) the Verdiquio Defendants do **not** release or waive Isaac Halwani or any entity owned or controlled by Mr. Halwani other than the Debtor; and (d) the Verdiquio Defendants reserve all rights to enforce this Agreement.

9. **Attorneys' Fees and Costs**. The Parties bear their own attorneys' fees and costs arising out of or relating to their disputes, as well as the negotiation and preparation of this Agreement. Notwithstanding the foregoing, the Parties agree that in the event that a Party has to enforce the terms of this Agreement, the prevailing party will be entitled to recover all reasonable attorneys' fees and costs incurred in connection with such enforcement, including in this Court and in the appellate courts. For the avoidance of doubt, in the event of a default under this Agreement, the Trustee will be entitled to reasonable attorneys' fees and costs incurred in connection with enforcing this Agreement.

10. **Applicable Law; Retention of Jurisdiction; Not Construed Against Drafter; Merger; Cooperation; Counterparts; Signatures; Authority; No Third Party Beneficiaries; Singular/Plural; Headers**. The Parties agree that this Agreement and any disputes arising under it will be governed under the laws of the State of Florida and consent to exclusive jurisdiction by the Court. The Court will retain exclusive jurisdiction to interpret and enforce the terms of this

Agreement. Having been drafted mutually by the Parties, the rule of construction to the effect that any ambiguities are to be resolved against the drafting party will not be employed in the interpretation of this Agreement. This Agreement constitutes the entire agreement by and between the Parties with respect to all issues raised, or that could have been raised, in the Adversary Proceeding. The Parties hereby acknowledge that there are no communications or oral understandings contrary to or different from this Agreement. Any prior agreements or understandings between the Parties are superseded by the terms of this Agreement. The Parties must cooperate in the consummation of this Agreement and in the preparation and execution of any and all documents necessary to carry out the intent and purpose of this Agreement. This Agreement may be executed in duplicate original counterparts, each of which will be considered an original for all purposes. Facsimile, email, and electronic signatures will be deemed as effective as original signatures. Each person executing this Agreement as an agent or in a representative capacity warrants that he or she is duly authorized to do so. This Agreement is for the sole benefit of the Parties, and nothing in this Agreement, express or implied, is intended to or will confer upon any other Person or entity any legal or equitable right, benefit or remedy of any nature whatsoever under or by reason of this Agreement. Wherever a singular expression is used in this Agreement, that expression is considered as including the plural or the body corporate where required by the context. The headings in the Agreement are intended for convenience only and are to be given no effect in the construction of this Agreement.

**IN WITNESS WHEREOF,** the Parties have executed this Agreement on the dates acknowledged below.

6/9/2025

Dated: _____

*Maria Yip*

_____
Maria M. Yip, solely in her capacity as Chapter 7 Trustee for the substantively consolidated bankruptcy estate of Frozen Wheels, LLC and B"H Frozen Wheels, LLC

6/9/2025

Dated: _____

*JUAN VERDIQUIO*

_____
Juan Pablo Verdiquio, individually, and Juan Pablo Verdiquio, as Trustee of the Juan Pablo Verdiquio Irrevocable Trust

4

# EXHIBIT "B"

**[PROPOSED ORDER]**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                                                                        Chapter 7

Frozen Wheels, LLC,                                                          Case No. 22-18638-LMI
B"H Frozen Wheels, LLC,                                                  (Substantively Consolidated)

         Debtor.
_____/

**ORDER GRANTING TRUSTEE'S MOTION TO APPROVE SETTLEMENT
AGREEMENT WITH JUAN PABLO VERDIQUIO AND JUAN PABLO VERDIQUIO,
AS TRUSTEE OF THE JUAN PABLO VERDIQUIO IRREVOCABLE TRUST**

This matter came before the Court on the *Trustee's Motion to Approve Settlement Agreement with Juan Pablo Verdiquio and Juan Pablo Verdiquio, as Trustee of the Juan Pablo Verdiquio Irrevocable Trust* (ECF No. ____) (the "**Motion**"). The Court having reviewed the Motion and the Settlement Agreement between (a) Maria M. Yip, in her capacity as the Chapter 7 Trustee (the "**Trustee**") for the substantively consolidated bankruptcy estate of Frozen Wheels, LLC and B"H Frozen Wheels, LLC, and (b) Juan Pablo Verdiquio and Juan Pablo Verdiquio, as Trustee of the Juan Pablo Verdiquio Irrevocable Trust, attached as Exhibit A to the Motion (the "**Settlement**

**Agreement**") relating to Adversary Proceeding No. 24-01481-LMI (the "**Adversary Proceeding**"); the Trustee by submitting this form of order having represented that the Motion was served on all required parties, that the 21-day response time provided by Local Rule 9013-1(D) has expired, that no one has filed, or served on the Trustee, a response to the motion, and that the form of order was attached as an exhibit to the Motion; and the Court finding that the Settlement Agreement is reasonable and in the best interests of the estate and that good cause exists to grant the Motion;

It is **ORDERED**:

1. The Motion is **GRANTED**.

2. The Settlement Agreement is **APPROVED**.

3. The parties to the Settlement Agreement are directed to comply with the terms of the Settlement Agreement.

4. The Court retains exclusive jurisdiction to interpret and/or enforce the Settlement Agreement.

5. As provided under the Settlement Agreement, within seven days after this Order becomes final and nonappealable, the parties are to seek dismissal of the Adversary Proceeding with prejudice. At the appropriate time, the Trustee is directed, pursuant to Local Rule 9019-1(A), to submit an Order in the Adversary Proceeding dismissing the proceeding with prejudice (with an instruction to the Clerk to close the proceeding), but with the Court retaining jurisdiction to interpret and/or enforce the Settlement Agreement.

###

Submitted by: Michael D. Lessne, Lessne Hoffman, PLLC, Counsel for Trustee 100 S.E. 3rd Ave., 10th Floor, Fort Lauderdale, FL 33394; Ph. 954-372-5759; mlessne@lessnehoffman.law

[Mr. Lessne is directed to serve a copy of this order on all creditors and interested parties required to be served and to file a certificate of service.]